MARK G. TRATOS, ESQ.
Nevada Bar No. 1086
tratosm@gtlaw.com
BETHANY L. RABE, ESQ.
Nevada Bar No. 11691
rabeb@gtlaw.com
KIMBERLY J. COOPER, ESQ.
Nevada Bar No. 9533
cooperk@gtlaw.com
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RESORTS WORLD LAS VEGAS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PRINCE OF SCOTS LLC, a West Virginia limited liability company,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

For its complaint against Defendant PRINCE OF SCOTS LLC ("Defendant"), Plaintiff RESORTS WORLD LAS VEGAS LLC ("Plaintiff") complains and alleges as follows:

## NATURE OF ACTION

This is an action for declaratory relief. Plaintiff seeks a declaration that it is not liable for infringement of Defendant's alleged intellectual property. Plaintiff additionally seeks attorneys' fees, costs, and all other relief to which it may be entitled.

/ / /

/ / /

/ / /

Page 1

# JURISDICTION

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1338(a).

2. This Court may exercise personal jurisdiction over Defendant by virtue of the fact that the acts and omissions of the parties, including those complained of by Defendant, occurred in Las Vegas, Nevada, and Defendant has threatened to contact gaming authorities in Nevada.

3. Venue is proper in the U.S. District Court for the District of Nevada under 28 U.S.C. §1391(b)(2) and (3). Venue lies in the unofficial Southern Division of this Court.

# PARTIES

4. Plaintiff Resorts World is a limited liability company organized and existing under the laws of Delaware.

5. Upon information and belief, Defendant Prince of Scots LLC is a limited liability company organized and existing under the laws of West Virginia and headquartered in West Virginia.

6. Upon information and belief, Prince of Scots is a company that sells various high-end consumer products. According to its website, its "teams shop the world for unique collections." On information and belief, it then sells these products on its website and via its storefront, as well as to other retailers such as Macy's.

# ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff operates the Resorts World Las Vegas casino resort hotel located on the Las Vegas Strip. Resorts World is the newest integrated resort on the Strip, blending technology and luxury appeal of an urban contemporary resort with the traditions of the international Resorts World brand.

8. Resorts World was developed by Genting Berhad ("Genting"). First established in 1965, Genting is a well-known presence in the international gaming community. It operates resorts elsewhere in North America, as well as Malaysia, Singapore, the United Kingdom, and the Bahamas. Genting's properties attract more than 50 million guests per year.

ACTIVE 690850593v5

9. Genting purchased the land on which Resorts World LV is located – the site of the former Stardust Resort and Casino – in 2013. Groundbreaking on the resort began in 2015, and construction began in 2017.

10. In 2020, Resorts World engaged California-based advertising agency Hooray to advertise its property in the leadup to its summer 2021 grand opening. That agency created the "Stay Fabulous" campaign, which debuted during the 2021 Academy Awards. The campaign featured a series of fantasy locations inspired by the variety of experiences one could have at Resorts World, such as gaming and entertainment. The debut video included celebrities Celine Dion, Carrie Underwood, Katy Perry, Luke Bryan, Tiësto and Zedd, who were slated to perform at Resorts World after its opening.[1]

11. The video was one part of the Stay Fabulous campaign. As an additional part of this campaign, various still images of fantasy locations – not all featured in the video – were created by the agency and used to advertise Resorts World online, at the property, and elsewhere.

A. **The Parties' Initial Dispute in 2022**

12. In 2022, Prince of Scots reached out to Resorts World, stating that its pineapple tumbler had been used without permission in one of these still images that was not featured in the video. The image is depicted below:



---

[1] Available at https://www.youtube.com/watch?v=mQSefEf-FfI.

Page 3

13. Prince of Scots alleges that the pineapple tumbler was used in the still image in question (the "Pool Image"), as shown in red:



14. Upon learning of the alleged infringement, in a show of good faith, Resorts World immediately instructed its personnel to take down and remove all remaining depictions of the Pool Image from any publicly visible location.

15. Resorts World engaged in some discussions with Prince of Scots' counsel in an attempt to resolve the dispute amicably. Discussions occurred between Prince of Scots and a business unit of Resorts World over potentially purchasing and using the pineapple tumbler at the resort as a possible option.

16. At the same time, Resorts World informed Prince of Scots that Resorts World's third-party ad agency had created the advertising campaign and was contractually required to indemnify Resorts World for any infringement.

17. Later in 2022, Prince of Scots' principal also personally contacted Resorts World, threatening to reach out to Hilton, Katy Perry, Celine Dion, Luke Bryan "etc.," and stating that Prince of Scots would be filing a criminal complaint, apparently in an effort to pressure Resorts World to resolve the dispute.

/ / /

18.   Discussions of resolution directly with Resorts World on the business side ultimately broke down, and Resorts World did not hear anything further from Prince of Scots for many months.

**B.   Prince of Scots Makes Additional Threats Beginning in August of 2023.**

19.   Sometime in 2023, Prince of Scots apparently reached a resolution with the Hooray ad agency, purportedly covering "the use of [Prince of Scots'] images and lifestyle," the terms of which are not known to Resorts World. As Prince of Scots is aware, the ad agency is contractually obligated to indemnify Resorts World.

20.   Nevertheless, in August 2023, Prince of Scots' principal contacted Resorts World, claiming that the agreement with the ad agency did not cover any uses outside of the term of the contract between Resorts World and the ad agency, which had ended in 2022 (although Resorts World had taken down instances of the disputed Pool Image in its control and of which it was aware in 2022, Prince of Scots claims there were additional uses beyond that time).

21.   At this juncture, Prince of Scots expanded its allegations beyond the use of the pineapple tumbler in the Pool Image. Prince of Scots also alleged that Hooray agency copied the overall look and feel of the Prince of Scots storefront. These claims were new and had not been made previously to Resorts World.

22.   Resorts World eventually learned that these allegations rest upon the inclusion of elements such as silver mannequins, trimmed hedges, and white pebble courtyards in the image below (the "Shoe Image"):



ACTIVE 690850593v5

23. Resorts World was provided with the following images of the Prince of Scots storefront for comparison:





24. When Resorts World did not immediately respond to the early August communication, the principal of Prince of Scots threatened to go to Hilton and Genting, and shortly thereafter began emailing personnel at Hilton and Genting.

25. In late September 2023, the principal of Prince of Scots told Genting via its whistleblower website that it would be "filing a criminal complaint against Genting with the FBI and The [sic] Gaming Commission."

/ / /

ACTIVE 690850593v5

26.   Discussions between counsel for the parties have not been productive.

27.   On October 12, 2023, the principal of Prince of Scots sent yet another email to Resorts World threatening to "continue with the claim against [Resorts World] and Hilton" if Resorts World doesn't pay, and reiterating its unreasonable monetary demands.

28.   After additional communication between counsel, on November 3, 2023, the principal of Prince of Scots sent yet another bizarre email, making fantastical claims about the value of its alleged contribution to Resorts World's ad campaign and purporting to give a 24-hour deadline to "settle this" or he would "take this under [his] thumb."

29.   On November 7, 2023, the principal of Prince of Scots contacted Peter LaVoie, President of Resorts World, attacking the character of Resorts World's general counsel.  The email claimed that Prince of Scots is going to file a "criminal complaint," and warning that "[t]he fact [sic] an Asian Company [sic] willfully infringed on the intellectual property of an American Small Business [sic] will surely make headlines."

30.   That same day, the principal of Prince of Scots again reached out to Resorts World's general counsel and the President of Resorts World, copying Hilton and Genting, stating that Resorts World's general counsel is "unethical" and stating that he would name the general counsel personally (in addition to Resorts World and "the companies that benefitted" – presumably Hilton and Genting) in a criminal complaint.

31.   Prince of Scots continues to allege that Resorts World is liable for infringement as a result of the use of the images described herein outside of the timeframe of Resorts World's contract with its ad agency.

32.   Resorts World emphatically denies that it has acted unlawfully or inappropriately as Prince of Scots alleges.

33.   Further, Resorts World, through its outside counsel, has conducted searches of the United States Patent and Trademark Office and the United States Copyright Office, and has found no registrations for copyrights, trademarks, trade dress, or design patent relating to the purportedly infringed intellectual property in the public record.

/ / /

34. As Defendant Prince of Scots has threatened litigation against Plaintiff Resorts World, threatened criminal charges, threatened to approach gaming authorities, and has continued to escalate its behavior in recent weeks, Plaintiff hereby files this declaratory judgment action seeking a declaration that Plaintiff has not acted improperly or unlawfully; specifically, Plaintiff seeks a declaration that Plaintiff has not infringed any copyright, trade dress, or trademark of Defendant.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of Copyright)

35. Plaintiff incorporates the above paragraphs as if fully set forth herein.

36. There exists a real and present substantial controversy between the parties as to whether Plaintiff has infringed Defendant's copyright(s) in violation of the Copyright Act, as Defendant claims.

37. Plaintiff desires a judicial determination that it is not infringing Defendant's copyright(s), nor has it, within the timeframe at issue.

38. Such determination and declaration are necessary and appropriate at this time in order that Resorts World may continue to operate its property without concern for imminent litigation.

39. Plaintiff has a real and reasonable apprehension of imminent litigation to be brought by Defendant as a result of Defendant's accusations and threats of legal action.

40. Plaintiff seeks this declaration from the Court to remove the cloud over its current and future business plans resulting from Defendant's threats and allegations.

41. Resolution of this dispute will require the Court to construe and interpret provisions of the federal Copyright Act.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of Trade Dress)

42. Plaintiff incorporates the above paragraphs as if fully set forth herein.

/ / /

/ / /

ACTIVE 690850593v5

43. There exists a real and present substantial controversy between the parties as to whether Plaintiff has infringed Defendant's trade dress in violation of the Lanham Act, as Defendant claims.

44. Plaintiff desires a judicial determination that it is not infringing Defendant's trade dress, nor has it, within the timeframe at issue.

45. Such determination and declaration are necessary and appropriate at this time in order that Resorts World may continue to operate its property without concern for imminent litigation.

46. Plaintiff has a real and reasonable apprehension of imminent litigation to be brought by Defendant as a result of Defendant's accusations and threats of legal action.

47. Plaintiff seeks this declaration from the Court to remove the cloud over its current and future business plans resulting from Defendant's threats and allegations.

48. Resolution of this dispute will require the Court to construe and interpret provisions of the federal Lanham Act.

49. Plaintiff seeks this declaration from the Court to remove the cloud over its current and future business plans resulting from Defendant's threats and allegations.

### THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of Trademark)**

50. Plaintiff incorporates the above paragraphs as if fully set forth herein.

51. There exists a real and present substantial controversy between the parties as to whether Plaintiff has infringed any trademark of Defendant in violation of the Lanham Act, as Defendant claims.

52. Plaintiff desires a judicial determination that it is not infringing any trademark of Defendant, nor has it, within the timeframe at issue.

53. Such determination and declaration are necessary and appropriate at this time in order that Resorts World may continue to operate its property without concern for imminent litigation.

/ / /

54. Plaintiff has a real and reasonable apprehension of imminent litigation to be brought by Defendant as a result of Defendant's accusations and threats of legal action.

55. Plaintiff seeks this declaration from the Court to remove the cloud over its current and future business plans resulting from Defendant's threats and allegations.

56. Resolution of this dispute will require the Court to construe and interpret provisions of the federal Lanham Act.

57. Plaintiff seeks this declaration from the Court to remove the cloud over its current and future business plans resulting from Defendant's threats and allegations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court enter judgment as follows:

A. Declaratory judgment in favor of Plaintiff and against Defendant that Plaintiff has not infringed Defendant's copyright(s);

B. Declaratory judgment in favor of Plaintiff and against Defendant that Plaintiff has not infringed Defendant's trade dress;

C. Enjoining Defendant, its officers, owners, partners, affiliates, employees, agents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them from making claims that Plaintiff has infringed Defendant's copyright(s), infringed Defendant's trade dress, or otherwise violated any right or duty with respect to Defendant;

D. An award of costs and attorneys' fees incurred by Plaintiff in prosecuting this action;

E. All other relief to which Plaintiff is entitled.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

ACTIVE 690850593v5

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues for which a trial by jury may be had.

DATED this 9th day of November, 2023.

**GREENBERG TRAURIG, LLP**

    /s/ Mark G. Tratos
MARK G. TRATOS, ESQ.
Nevada Bar No. 1086
BETHANY L. RABE, ESQ.
Nevada Bar No. 11691
KIMBERLY J. COOPER, ESQ.
Nevada Bar No. 9533
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135

*Counsel for Plaintiff*

ACTIVE 690850593v5